Hon. William D. Bavoso Corporation Counsel, Port Jervis
This is in response to your letter, wherein you ask whether the City of Port Jervis may lease, for recreational purposes, a paddle tennis facility located across the Delaware River, within the Commonwealth of Pennsylvania, three miles from the Port Jervis city limits.
In a grant of powers, section 20 of the General City Law enables a city to acquire real and personal property within the limits of the city, for any public or municipal purpose; to acquire, for certain specified purposes, real property within or without the limits of the city, pursuant to the provisions of the Eminent Domain Procedure Law; and to take, purchase, hold and lease real and personal property within or without the limits of the city. These powers are, however, clearly granted subject to the general laws of the State.
Other statutory references to recreational facilities are of limited scope. For example, by General City Law, § 20 [25-b], a city is empowered to lease real property within the city owned by any stock company organized to promote musical art and used as an auditorium and facility for, among other things, recreational purposes. Within Article 13 of the General Municipal Law, relating to playground and neighborhood recreational centers, section 241 empowers the legislative body of a city to lease lands or buildings within the municipality.
Our research has not disclosed any case law on point, but the Comptroller has issued several opinions relating to the subject matter. He interpreted the authority to lease land or buildings for recreational purposes as being limited to facilities within the municipality, or where two or more municipalities jointly exercise their power, to facilities located entirely within at least one of the municipalities. See, e.g., 23 Opns St Comp 451.
In the construction of statutes, the prime consideration is, of course, to ascertain and give effect to the intention of the Legislature. McKinney's Cons Law of NY, Book 1, Statutes, §§ 92; 230. The various statutes pertaining to recreational facilities must be considered in parimateria. McKinney's Statues, supra, §§ 221-223. Moreover, if possible, every word should be given effect. McKinney's Statues, supra
§ 231.
Local governmental units exercise only those powers delegated to them by the State. Seaman v Fedourich, 16 N.Y.2d 94 [1965]. The various statutes pertaining to recreational facilities clearly place geographical limitations on municipalities. In view of the express limitations relating to recreational facilities, and in the absence of specific authority permitting it, we are of the opinion that the City of Port Jervis may not lease, for recreational purposes, a paddle tennis facility located outside the city limits.
In view of our foregoing conclusion, your second inquiry, about a possible conflict of interest pursuant to Article 18 of the General Municipal Law, is academic.